UNITED STATES, Appellee

v

ROBERT A. HANSEN, Corporal, U. S. Army, Appellant

6 USCMA 582, 20 CMR 298

No. 7363

Decided December 21, 1955

*First Lieutenant James L. Gault* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James M. Scott.*

*First Lieutenant Robert L. Taylor* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant William K. Davenport.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused, convicted on one specification of the wrongful use of a habit-forming drug, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728, was granted review on the single issue of whether the instructions by the law officer to the effect that a lack of knowledge must be both honest and reasonable was erroneous and prejudicial. The findings and sentence were affirmed by a board of review, and the accused is now under sentence to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined for one year.

The facts and circumstances from which this issue arose are these: On the evening of December 1, 1954, the accused was in a tea house in Korea when he was taken into custody because of his failure to have an identification card in his possession. The house in question, though not off limits, was suspected of selling narcotics. Shortly after accused was apprehended and taken outside of the building, an investigator returned to search the interior of the place, and a triangular piece of paper was found on the floor of the booth which had been occupied by the accused and two other persons. The paper was of a type which, in that area, ordinarily contained narcotics. The accused was taken to the Headquarters of an Army investigating unit and, after being informed of his rights, he voluntarily submitted a urine specimen. The analysis of this specimen revealed the presence of morphine, but an analysis of a specimen taken the following day was negative. Because the investigating agents found accused to be incoherent, he was detained overnight to complete his interrogation.

During the trial, accused testified he had never knowingly used narcotics, that at the time in question he was highly intoxicated, and that he was honestly ignorant of ingesting any habit-forming drugs. At all times during the pretrial and trial phases, he consistently denied ever having knowingly used narcotics at any time or place. To fortify his contention, accused points to the following facts and circumstances shown by the testimony. There was no evidence of recent or old needle marks on his body that would have indicated the possible use of drugs, he had no implements for the injection of narcotics in his possession, no evidence of his ever having used narcotics was uncovered, he had a good reputation in his company, and he voluntarily submitted samples to be tested for the presence of drugs. The Government counters by saying that he admitted that some of his friends had been investigated as suspected users.

After both sides had completed their presentation, the law officer gave the following instruction:

"The defense has introduced evidence to show that at the time of the alleged offense of wrongful use of a habit forming narcotic drug, to wit: a morphine compound, that the accused was ignorant of the fact that he had taken it into his body. With respect to this evidence, the court is advised that if an accused was unaware of his taking a morphine compound into his body and·if his lack of knowledge was honest and reasonable under the circumstances, he cannot be found guilty of the offense charged, for the law recognizes this as a defense. However, if the accused's lack of knowledge was not reasonable under the circumstances, that is, if it was the result of carelessness or fault on his part, it is not a defense. The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. Consequently, unless you are satisfied beyond a reasonable doubt that the accused's lack of knowledge was not honest and reasonable under

**583**

the circumstances, you must acquit the accused."

Similar statements of the law have been before this Court on several occasions, and we have struck down the one requirement that lack of knowledge must be reasonable. The problem of providing an explanation for honest lack of knowledge is difficult, and an accused's burden should not be increased by bringing lack of due care into the issue. In United States v Greenwood, 6 USCMA 209, 216, 19 CMR 335, this Court, speaking on the critical issue of lack of knowledge, said:

". . . And an honest want of knowledge—wholly apart from its reasonableness—is sufficient for the accused to make out his defense as a matter of law. Thus—assuming again that the issue has been raised —the accused is entitled to an instruction *sua sponte* predicating his criminal responsibility on the absence of an honest—not an honest *and reasonable*—ignorance or mistake of fact. To put the matter in another fashion, although ignorance *of law* is irrelevant in this setting, and constitutes no bar to conviction, honest ignorance or mistake *of fact* are distinctly material—both as to the issues of physical control over and physical character of the substance possessed or used."

In line with that principle, we conclude the law officer's instruction was erroneous. However, that is not the end of our inquiry, for if honest ignorance of fact was not placed in issue, the accused was not prejudiced by the law officer's gratuitous—albeit erroneous—instruction. United States v Brown, 6 USCMA 237, 19 CMR 363.

In determining whether an issue of want of knowledge was raised, we first turn to the principle we announced in United States v Grier, 6 USCMA 218, 223, 19 CMR 344. There we reasoned:

". . . Here, the accused testified to his ignorance of ingesting the morphine, and while he does not show affirmatively a probable method of how the narcotic found its way into his system, we are not prepared to say that his negative testimony is unbelievable. It is reasonably possible that ignorance of taking morphine internally can exist honestly, even though it might be considered unusual. Conceding a physiological reaction ought normally to be experienced by the user, a number of factors, not excluded by the testimony in this case, might account for the accused's failure to know the narcotic was in his body. While positive testimony as to the means by which the presence of the drug could be accounted for is missing, if the accused honestly did not know the manner in which the morphine entered his body, he could do no more than give negative testimony to that effect, and raise an issue in only that way."

In the case at bar, the means by which the drug entered the system is unexplained, but the accused under oath stated he could not account for its presence. His sworn testimony of lack of knowledge, coupled with the evidence showing that he had been drinking heavily, which could have caused his incoherency; that he made no attempt to evade apprehension; that his body did not bear the normal indicia of narcotics use; that no narcotics were found in his possession; and, that his reputation, if he was suspected, was founded on a shaky and unsatisfactory base, leads us to conclude that the issue of lack of knowledge was raised.

The evidence in this record adverse to the accused is not quantitatively or qualitatively adequate to cast on his sworn testimony the shadow of unworthiness of belief, as a matter of law, nor do the facts and circumstances reflected in the testimony of all witnesses render his testimony inherently improbable. His defense of honest lack of knowledge was, therefore, raised as an issue by the evidence, and the instruction given was prejudicial.

The decision of the board of review is reversed, and the record is returned to The Judge Advocate General of the Army for action not inconsistent with

this opinion. A rehearing may be ordered.

Chief Judge QUINN and Judge BROSMAN concur.